STATE OF VERMONT

SUPERIOR COURT
Washington Unit

2011 FEB 27 P 4: 20

CIVIL DIVISION
Docket No. 239-4-16 Wncv

JOEL BONANO
Plaintiff

v.

VERMONT PAROLE BOARD
Defendant

## DECISION
### Cross-Motions for Summary Judgment

The Vermont Parole Board revoked Plaintiff Joel Bonano's parole after a search of his residence revealed heroin in his possession. His only defense at his revocation hearing was that the evidence should be suppressed because the search was unconstitutional. The Board did not expressly rule on the suppression argument, but it found him in violation of parole conditions barring him from committing crimes and possessing illegal drugs and would have had no basis for doing so absent the evidence discovered in the search. Thus, it either concluded that the search was constitutional or that, regardless whether it was constitutional, the evidence was admissible.[1]

The parties have filed cross-motions for summary judgment. The State argues that: (1) the exclusionary rule does not apply to evidence unconstitutionally obtained from parolees; (2) Mr. Bonano had no reasonable expectation of privacy due to a parole condition requiring him to consent to reasonable searches; (3) reasonable suspicion was not required to support the search and, in any event, (4) Mr. Bonano consented to the search. Mr. Bonano argues that he was singled out for a search without a warrant, probable cause, or reasonable suspicion and not pursuant to any systematic, random search policy in violation of Vt. Const. ch. I, art. 11. He argues that his parole search condition incorporates Vermont constitutional constraints, he did not voluntarily consent to the search, and the exclusionary rule applies.

The consent issue decides this case. Consent to a search obviates any need for a warrant or reasonable suspicion or probable cause. *State v. Milos*, 882 N.W.2d 696, 703 (Neb. 2016); *State v. Zaccaro*, 154 Vt. 83, 91 (1990). The only issue in this case is whether Mr. Bonano's consent, which he provided when the parole officers showed up to search, was voluntarily given:

> [T]he inquiry in a consent search context is restricted to whether the consent was voluntary, not whether there was a "knowing" and "intelligent" waiver of a constitutional right. Voluntariness is a question of fact to be determined from all

---

[1] In theory, the Board could have concluded that the search was unconstitutional but that the evidence was not subject to the exclusionary rule. It is unnecessary to speculate about the Board's rationale, however, because the record reveals no constitutional defect with the search.

of the circumstances surrounding the controversy. The State need only show that the consent was given voluntarily, and was not the result of duress or coercion.

*Zaccaro*, 154 Vt. at 88.

Mr. Bonano did not testify at his revocation hearing. All testimony relevant to his consent came from community correctional officer Christopher McNamara. The evidence was substantially as follows. Mr. McNamara's office had received numerous anonymous reports that Mr. Bonano was dealing illegal drugs. They prompted him to speak to his supervisor about searching Mr. Bonano's residence after his curfew (9 p.m.). Another parole officer said that Mr. McNamara commonly worked until midnight. At 9:46 p.m., Mr. McNamara and another community correctional officer went to Mr. Bonano's place of employment, but learned that Mr. Bonano had recently been fired from that job. They proceeded to his residence, arriving 5 minutes later.

They knocked on his door. He eventually came to the door and let them in. Mr. McNamara explained that they were there to search his residence. He responded, "okay that's fine." They searched and found illegal drugs, which Mr. Bonano freely identified. Mr. McNamara and the other officer then handcuffed Mr. Bonano, called the police, and handed the scene to them.

There was no evidence to the effect that the officers restrained Mr. Bonano before the end of the search, acted in an intimidating manner, deceived him, harassed him, or did anything else that might reveal that his consent to the search was involuntarily rendered.

Mr. Bonano argues that his consent was not voluntary because the officers showed up late at night when he was asleep, he lived alone, both officers were large men whereas he is diminutive, and the officers did not expressly inform him that he could withhold consent.[2] However, the officers arrived shortly after his curfew and much earlier than he had been, until recently, working. It was not the middle of the night for him, regardless whether in fact he may have been sleeping. That he lived alone and the officers were much larger than him might—had there been any showing that the officers tried to intimidate him—have been circumstances that helped to show involuntariness. However, there was no evidence of intimidation. Mr. Bonano, in his affidavit, concedes that he knew both officers from his contacts with the parole office. There was no evidence that he feared them or had any reason to. There simply was no evidence whatsoever that his will had been overcome.

This leaves what seems to be Mr. Bonano's principal argument, that the officers did not affirmatively tell him that he could say no to the search. In other words, he argues that the search was involuntary because he did not know that he could withhold consent. This, however, confuses voluntariness with whether there was a knowing and intelligent waiver. "[T]he inquiry in a consent search context is restricted to whether the consent was voluntary, not whether there

---

[2] Evidence of the officers' and Mr. Bonano's size was not presented at the revocation hearing. Mr. Bonano has submitted an affidavit describing the size of all three men and the State has objected that he is attempting to improperly supplement the Rule 75 record. The court concludes that the evidence has no impact on its analysis. The dispute is moot.

was a 'knowing' and 'intelligent' waiver of a constitutional right." *Zaccaro*, 154 Vt. at 88.

The parole board could have had no reasonable basis for finding that Mr. Bonano's consent to search was involuntarily rendered.

## ORDER

For the foregoing reasons, the State's motion for summary judgment is granted and Mr. Bonano's motion is denied.

Dated at Montpelier, Vermont this 27th day of February 2017.

_____

Mary Miles Teachout
Superior Judge

3